UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| THOMAS ROBERT MCNEIL, | ) | Case No. EDCV 16-512 DOC(JC) |
| Petitioner, | ) | |
| v. | ) | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND ACTION WITHOUT PREJUDICE |
| WARDEN CAL INST FOR MEN, CHINO, CA, et al., | ) | |
| Respondents. | ) | |

**I.    SUMMARY**

On March 21, 2016, petitioner Thomas Robert McNeil ("petitioner"), a California prisoner who is proceeding *pro se*, formally filed a Petition for Writ of Habeas Corpus ("Current Federal Petition") with multiple attached exhibits and a supporting memorandum. The Current Federal Petition challenges petitioner's December 2002 conviction following a jury trial in San Bernardino County Superior Court Case No. FSB034479 ("State Case" or "State Conviction").

Based on the record (including facts as to which this Court takes judicial notice as detailed below) and the applicable law, the Current Federal Petition and this action are dismissed without prejudice for lack of jurisdiction because petitioner did not obtain the requisite authorization from the Court of Appeals to

file a successive petition. Further, the Clerk of the Court is directed to refer the Current Federal Petition to the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit") pursuant to Ninth Circuit Rule 22-3(a).[1]

## II. PROCEDURAL HISTORY[2]

### A. State Proceedings

On December 12, 2002, a San Bernardino County Superior Court jury convicted petitioner of one count of a lewd act upon a child under the age of fourteen. At a bifurcated proceeding, the jury also found true allegations that petitioner previously had been convicted of first degree burglary on two separate occasions. On December 2, 2005, the court sentenced petitioner to a total of twenty-five years to life in state prison.

On March 23, 2007, the California Court of Appeal affirmed the judgment. On June 15, 2007, the California Supreme Court denied review.

Petitioner thereafter sought, and was denied habeas relief in the San Bernardino County Superior Court, the California Court of Appeal and the California Supreme Court.

///

---

[1] Ninth Circuit Rule 22-3(a) provides in pertinent part: "Any petitioner seeking authorization to file a second or successive 2254 petition . . . in the district court must file an application in the Court of Appeals demonstrating entitlement to such leave under 28 U.S.C. § 2254 . . . . If a second or successive petition . . . is mistakenly submitted to the district court, the district court shall refer it to the [C]ourt of [A]ppeals."

[2] The facts and procedural history set forth in this section are derived from the Current Federal Petition and supporting documents and dockets/court records in the following Central District of California ("CDCA") and Ninth Circuit cases of which this Court takes judicial notice: (1) Thomas Robert McNeil v. M. Martel, et al., CDCA Case No. EDCV 09-638 DOC(OP) ("First Federal Petition" or "First Federal Action"); (2) Thomas Robert McNeil v. M. Martel, et al., Ninth Circuit Case No. 10-56834 ("Ninth Circuit Action"); and (3) Thomas Robert McNeil v. Cash, et al., CDCA Case No. EDCV 13-951 DOC(OP) ("Second Federal Petition" or "Second Federal Action"). See Fed. R. Evid. 201; United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) (court may take judicial notice of its own records in other cases).

### B. First Federal Action and Ninth Circuit Action

On April 1, 2009, petitioner filed the First Federal Petition challenging the State Conviction on multiple grounds. On June 25, 2010, the assigned Magistrate Judge issued a Report and Recommendation recommending that the First Federal Petition be denied with prejudice on its merits. On October 28, 2010, this Court issued an Order Adopting Findings, Conclusions, and Recommendations of United States Magistrate Judge and directed that Judgment be entered denying the First Federal Petition and dismissing the First Federal Action with prejudice. On November 2, 2010, judgment was entered accordingly. This Court's order denying a certificate of appealability was also entered on November 2, 2010.

On November 15, 2010, petitioner filed a notice of appeal. On May 24, 2012, in the Ninth Circuit Action, the Ninth Circuit denied petitioner's request for a certificate of appealability. On June 20, 2012, petitioner filed a motion for reconsideration. On July 11, 2012, the Ninth Circuit denied such motion and ordered that no further filings would be accepted in the Ninth Circuit Action.

### B. Second Federal Petition

On June 5, 2013, petitioner filed the Second Federal Petition challenging the judgment in the State Case. On June 26, 2013, this Court summarily dismissed the Second State Petition without prejudice as successive. On July 2, 2013, judgment was entered accordingly. This Court's order denying a certificate of appealability was entered on July 3, 2013. Petitioner did not appeal.

### C. Current Federal Petition

As noted above, on March 21, 2016, petitioner filed the Current Federal Petition which again challenges the judgment in the State Case. The record does not reflect that petitioner has obtained authorization from the Ninth Circuit to file the Current Federal Petition in District Court.[3]

---

[3] A search of the court's PACER system does not reflect that petitioner has been granted leave to file a second or successive petition by the Ninth Circuit.

## III. DISCUSSION

Before a habeas petitioner may file a second or successive petition in a district court, he must apply to the appropriate court of appeals for an order authorizing the district court to consider the application. Burton v. Stewart, 549 U.S. 147, 152-53 (2007) (citing 28 U.S.C. § 2244(b)(3)(A)). This provision "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court." Felker v. Turpin, 518 U.S. 651, 657 (1996); see also Reyes v. Vaughn, 276 F. Supp. 2d 1027, 1028-30 (C.D. Cal. 2003) (discussing applicable procedures in Ninth Circuit). A district court lacks jurisdiction to consider the merits of a second or successive habeas petition in the absence of proper authorization from a court of appeals. Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam) (citing United States v. Allen, 157 F.3d 661, 664 (9th Cir. 1998)), cert. denied, 538 U.S. 984 (2003).

The court of appeals may authorize the filing of a second or successive petition only if it determines that the petition makes a prima facie showing that at least one claim within the petition satisfies the requirements of 28 U.S.C. Section 2244(b), *i.e.*, that a claim which was not presented in a prior application (1) relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court; or (2) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and the facts underlying the claim would be sufficient to establish that, but for constitutional errors, no reasonable factfinder would have found the applicant guilty of the underlying offense. Nevius v. McDaniel, 104 F.3d 1120, 1120-21 (9th Cir. 1997); Nevius v. McDaniel, 218 F.3d 940, 945 (9th Cir. 2000).

A second or subsequent habeas petition is not considered "successive" if the initial habeas petition was dismissed for a technical or procedural reason, rather than on the merits. See Slack v. McDaniel, 529 U.S. 473, 485-487 (2000) (second habeas petition not "successive" if initial habeas petition dismissed for failure to

exhaust state remedies); Stewart v. Martinez-Villareal, 523 U.S. 637, 643-645 (1998) (second habeas petition not "successive" if claim raised in first habeas petition dismissed as premature); but see McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (dismissal on statute of limitations grounds constitutes disposition on the merits rendering subsequent petition "second or successive"); Henderson v. Lampert, 396 F.3d 1049, 1053 (9th Cir.) (dismissal on procedural default grounds constitutes disposition on the merits rendering subsequent petition "second or successive"), cert. denied, 546 U.S. 884 (2005); Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 228 (1995) (dismissal for failure to prosecute treated as judgment on the merits) (citations omitted).

Petitioner's First Federal Petition was denied on its merits – not for a technical or procedural reason. Accordingly, the Current Federal Petition – like the Second Federal Petition – is successive. Since petitioner filed the Current Federal Petition without authorization from the Ninth Circuit, this Court lacks jurisdiction to consider it.

## IV.   ORDER

IT IS THEREFORE ORDERED that the Current Federal Petition and this action are dismissed without prejudice. All other pending motions are denied as moot.[4] The Clerk of the Court is directed to refer the Current Federal Petition to the Ninth Circuit pursuant to Ninth Circuit Rule 22-3(a).

IT IS SO ORDERED.

DATED: March 28, 2016          /s/ David O. Carter
                               _____
                               HONORABLE DAVID O. CARTER
                               UNITED STATES DISTRICT JUDGE

---

[4] On March 21, 2016, petitioner also filed a motion for appointment of counsel and a motion for evidentiary hearing.